MARY E. ATHERTON, Respondent, v. KANSAS CITY COAL & COKE COMPANY, Appellant.

Kansas City Court of Appeals, May 16, 1904.

**MASTER AND SERVANT: Master's Liability to Third Party: Servant's Scope of Duty.** A master is not liable for negligence of his servant when not acting within the scope of his duty; and where a teamster of a coal company unloaded the coal under the supervision of the purchaser who directed him to throw out lumps for the purchaser to take up and place as a barrier in a door, and in so doing the servant negligently injured the purchaser, the former alone is liable and not the master.

Appeal from Jackson Circuit Court.—*Hon. James Gibson,* Judge.

REVERSED.

· *Harkless, Crysler & Histed, John Martin* and *Ross B. Gilluly* for appellant.

(1)    The act of Rentch through which the plaintiff was injured was not within the scope of his duty, but arose through an independent collateral arrangement between the plaintiff and Rentch, made for the purpose of serving the particular convenience of the plaintiff, and *quoad* such service Rentch became the servant of plaintiff.    Wood on Master and Servant, sec. 279; Walker v. Railroad, 121 Mo. 575; Snider v. Crawford, 47 Mo. App. 8; Adams v. Cost, 66 Md. 264.

*E. J. Sherlock* for respondent.

(1)    The issue as to whether the man who did the injury was the defendant's agent at the time of the injury was submitted squarely to the jury upon the evidence and instructions and as a question of fact it was solely within the province of the jury to determine this matter.    Wilcox v. Hines, 100 Tenn. 524, 66 Am. St. 761.

BROADDUS, J.—In September, 1902, Mrs. Atherton, the plaintiff, who lived at 1308 Holmes street, in Kansas City, ordered of the defendant coal company four tons of coal to be delivered at her house.    On September 9, 1902, a driver appeared upon the premises with the first load of coal, containing two tons, the coal being in a wagon which bore a painted sign of the defendant company.    Mrs. Atherton instructed the teamster to drive to the alley and put the coal in a coalhouse standing upon the rear of the lot upon this alley.    The coalhouse was divided into two compartments, one, the south, being used by Mrs. Atherton, and the other, the north, being used by a neighbor.    There was a connecting door between these compartments.    Mrs. Atherton went into the coalhouse used by her and raised the door

opening into the alley through which the coal was to be thrown, and paid the driver for the coal. She then told him that it was her purpose to pile in the doorway some large lumps of coal before he should unload and she would tell him when to stop. The driver assented to this arrangement and she asked him to throw in a number of lumps of coal to her for this purpose. Mrs. Atherton remained in the room and carried these lumps thrown to her by the teamster and piled them in the doorway. While she was thus engaged and as she was in the act of lifting one of the lumps, the driver threw in some coal which struck her hand and injured it severely.

It was claimed that the teamster was guilty of negligence in throwing in the coal.

For the purposes of this case it may be assumed that he was negligent, yet, notwithstanding this, the defendant was not liable as the teamster was not acting within the scope of his duty. In such cases the servant and not the master is liable. Wood on Master & Servant, sec. 279; Walker v. Railway, 121 Mo. 575. The teamster at the time was under the direction of the plaintiff and not that of his employer. It was not in the contemplation of the defendant when the teamster was directed to haul the coal and deliver it to plaintiff, that she would superintend its unloading. She voluntarily put herself in a place of peril and thereby assumed the risk attending the unloading of the coal in the ordinary way—and the evidence shows that there was nothing unusual in the method used by the teamster in doing so. The defendant owed her no duty whatever, and its peremptory instruction should have been given.

Reversed. All concur.